SHEARMAN & STERLING LLP
Douglas P. Bartner
Robert A. Britton
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000

*Attorneys for the Foreign Representative*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------------------x | | |
| **In re:** | **:** | **Chapter 15** |
| | **:** | |
| **LUPATECH S.A., et al.,**[1] | **:** | **Case No. 14-11559 (__)** |
| | **:** | |
| | **:** | **(Joint Administration Pending)** |
| **Debtors in a Foreign Proceeding.** | **:** | |
| | **:** | |
| ------------------------------------------------------------x | | |

## FOREIGN REPRESENTATIVE'S MOTION FOR ORDERS GRANTING PROVISIONAL AND FINAL RELIEF IN AID OF A FOREIGN PROCEEDING

---

[1] The last four digits of the Taxpayer Registration Number or Tax ID, as applicable, of each of the Debtors follow in parentheses: (a) Lupatech S.A. (01-12); (b) Jefferson Solenoidbras Ltda (01-52); (c) Lupatech – Equipamentos e Serviços para Petróleo Ltda (01-04); (d) Lupatech Finance Limited (none); and (e) Mipel Indústria e Comércio de Válvulas Ltda (01-00). The Debtors' collective executive headquarters is located at Building C, Rodovia Anhanguera, Km 199 at Rua Arnaldo J. Mauerberg, Distrito Industrial, 13460-000, Nova Odessa – SP, Brazil.

# TABLE OF CONTENTS

**Page**

Introduction..................................................................................................................1

Jurisdiction and Venue..................................................................................................2

Background....................................................................................................................2

Relief Requested ...........................................................................................................3

Basis for Relief .............................................................................................................3

    A.  Sections 1519, 1521, and 105 of the Bankruptcy Code Authorize the Requested
        Provisional Relief...............................................................................................3

        1.  The Requested Provisional Relief is Justified ............................................4

            a.  The Debtors Will Suffer Irreparable Harm Without the Immediate Imposition
               of a Stay and the Protections of Section 362 of the Bankruptcy Code ...................5

            b.  The Balance of Hardships Tips in Favor of the Debtors ........................................7

        2.  The Public Interest Favors Granting the Provisional Relief ..........................7

    B.  The Foreign Proceeding is Entitled to Recognition as a Foreign Main Proceeding...........8

        1.  The Court Has Jurisdiction to Recognize the Foreign Proceeding and Grant the
            Relief Requested ...............................................................................8

        2.  These Cases Are Proper Under Chapter 15 ...............................................10

            a.  The Foreign Proceeding is a "Foreign Proceeding" Under the Bankruptcy Code 10

            b.  Ricardo Doebeli Is a Proper "Foreign Representative" ........................................11

            c.  The Foreign Representative Properly Filed these Cases........................................12

            d.  The Petitions for Recognition are Consistent with the Purpose of Chapter 15 .....12

        3.  The Foreign Proceeding is a "Foreign Main Proceeding" Under Sections 1502(4)
            and 1517(b)(1) of the Bankruptcy Code ...................................................13

    C.  Recognizing the Foreign Proceeding as a Foreign Main Proceeding and Granting the
        Other Relief Requested Herein is Consistent with the Purpose of Chapter 15 and
        United States Public Policy..................................................................16

Notice ..........................................................................................................................18

i

No Prior Request ...................................................................................................................... 19

Conclusion ............................................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Page**

### Cases

*In re Adelphia Commc'ns Corp.*, 368 B.R. 140 (Bankr. S.D.N.Y. 2007) ......................................7

*Am. Film Techs, Inc. v. Taritero (In re Am. Film Techs., Inc.)*, 175 B.R. 847
    (Bankr. D. Del. 1994) ............................................................................................................8

*In re Armada (Singapore) PTE. LTD.*, No. 09-10105 (JMP)
    (Bankr. S.D.N.Y. 2009) .........................................................................................................7

*In re Banco Santos, S.A.*, No. 10-47543 (Bankr. S.D. Fla. Jan. 13, 2011) ...................................11

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*,
    374 B.R. 122 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008) .................12, 13

*In re Britannia Bulk Plc*, No. 08-14543 (REG) (Bankr. S.D.N.Y. 2008)........................................7

*Centrais Elétricas Do Pará S.A.,* No. 12-14568 (Bankr. S.D.N.Y. Nov. 9, 2012).......................10

*Cornfeld v. Investors Overseas Servs., Ltd.*, 471 F. Supp. 1255 (S.D.N.Y. 1979),
    *aff'd,* 614 F.2d 1286 (2d Cir 1979) ......................................................................................16

*In re Daewoo Logistics Corp.*, No. 09-15558 (BRL) (Bankr. S.D.N.Y. 2009)..............................6

*In re Enco Zolcsak Equipamentos Industriais Ltda.*, No. 11-22924
    (Bankr. S.D. Fla. July 12, 2011) ...........................................................................................10

*In re Fairfield Sentry Ltd.*, 440 B.R. 60 (Bankr. S.D.N.Y. 2010), *aff'd,* 714 F.3d
    127 (2d Cir. 2013)..................................................................................................................15

*In re Fazendas Reunidas Boi Gordo, S.A.*, No. 09-37116
    (Bankr. S.D. Fla. Jan. 11, 2010)............................................................................................11

*Fletcher Leisure Groupe LTD.*, No. 13-13420 (Bankr. S.D.N.Y. 2013)........................................6

*Gathering Rest., Inc. v. First Nat'l Bank of Valparaiso (In re Gathering Rest.,
    Inc.),* 79 B.R. 992 (Bankr. N.D. Ind. 1986) ............................................................................8

*In re Gercke*, 122 B.R. 621 (Bankr. D.D.C. 1991) .......................................................................5

*In re Independência S.A.*, No. 09-10903 (Bankr. S.D.N.Y. Mar. 26, 2009)................................10

*In re Innua Can. Ltd.,* No. 09-16362 (DHS), 2009 WL 1025088
    (Bankr. D.N.J. Mar. 25, 2009) ...............................................................................................4

*In re Ionosphere Clubs, Inc.*, 922 F.2d 984 (2d Cir. 1990) ............................................................16

*In re ITSA Intercontinental Telecomunicações Ltda.*, No. 08-13927 (Bankr. S.D.N.Y. Jan. 29, 2009) ........................................................................................................10

*In re Korea Line Corp.*, No. 11-10789 (REG) (Bankr. S.D.N.Y. 2011) ........................................6

*In re Lazarus Burman Assocs.*, 161 B.R. 891 (Bankr. E.D.N.Y. 1993) ........................................7

*In re Main Knitting, Inc.*, No. 08-11272 (Bankr. N.D.N.Y. Apr. 25, 2008)....................................4

*Metro. Taxicab Bd. of Trade v. City of N.Y.*, 615 F.3d 152 (2d Cir. 2010) ....................................4

*In re Petition of Lloyd*, No. 05-60100 (BRL), 2005 WL 3764946 (Bankr. S.D.N.Y. Dec. 7, 2005)................................................................................................4

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577 (2d Cir. 1989)..................................................4

*Rehabworks, Inc. v. Lee (In re Integrated Health Servs., Inc.)*, 281 B.R. 231 (Bankr. D. Del. 2002) ................................................................................................7

*In re Samsun Logix Corp.*, No. 09-11109 (SMB) (Bankr. S.D.N.Y. 2009) ....................................6

*In re SPhinX, Ltd.*, 351 B.R. 103 (Bankr. S.D.N.Y. 2006), *aff'd*, 371 B.R. 10 (S.D.N.Y. 2007)..................................................................................................................13

*Syncapse Corp.*, No. 13-12410 (SMB) (Bankr. S.D.N.Y. 2013)....................................................6

*In re Transbrasil S.A. Linhas Aéreas*, No. 11-19484 (Bankr. S.D. Fla. May 11, 2011)......................................................................................................................10

*In re Tri-Cont'l Exch. Ltd.*, 349 B.R. 627 (Bankr. E.D. Cal. 2006) ..............................................15

*In re Varig Logística S.A.*, No. 09-15717 (Bankr. S.D. Fla. May 11, 2009) ................................10

*Victrix S.S. Co., S.A. v. Salen Thy Cargo A.B.*, 825 F.2d 709 (3d Cir. 1987) ................................5

**Statutes**

11 U.S.C. § 101(23) ..........................................................................................................................9

11 U.S.C. § 101(24) ........................................................................................................................10

11 U.S.C. § 1501 ............................................................................................................................16

11 U.S.C. § 1501(a)(1)......................................................................................................................7

11 U.S.C. § 1501(a)(3)....................................................................................................................11

11 U.S.C. § 1501(b)(1) ...................................................................................................................9

11 U.S.C. § 1506 .........................................................................................................................15

11 U.S.C. § 1516(c) .....................................................................................................................12

11 U.S.C. § 1517 .........................................................................................................................14

11 U.S.C. § 1517(b)(1) .......................................................................................................12, 14, 3

11 U.S.C. § 1519(a) .......................................................................................................................3

11 U.S.C. § 1519(e) .......................................................................................................................4

28 U.S.C. § 157 .............................................................................................................................8

28 U.S.C. § 157(b)(2)(P) ........................................................................................................8, 3, 3

28 U.S.C. § 1334 ...........................................................................................................................8

28 U.S.C. § 1410 ........................................................................................................................3, 3

28 U.S.C. § 1410(1) .......................................................................................................................9

28 U.S.C. § 1410(3) .......................................................................................................................9

## Introduction

Ricardo Doebeli, in his capacity as the authorized foreign representative (the

"**Foreign Representative**") for Lupatech S.A. and each of the other above-captioned debtors

(collectively, the "**Debtors**") in a proceeding (the "**Foreign Proceeding**"), commenced in the

Federative Republic of Brazil pursuant to Federal Law 11.101 of February 9, 2005 (the

"**Brazilian Business Recovery Law**") (pending before the 2nd Civil Court of the city of Nova

Odessa, State of São Paulo (the "**Foreign Court**")), respectfully submits this motion

(this "**Motion**"), by and through his undersigned counsel, pursuant to sections 362, 1504, 1507,

1509, 1517, 1519, 1520, 1521, and 105(a) of title 11 of the United States Code, (as amended

from time to time, the "**Bankruptcy Code**"), for entry of (a) a provisional order (the

"**Provisional Order**") (i) granting an interim stay of execution against the Debtors' assets in the

United States and applying section 362 of the Bankruptcy Code in these chapter 15 cases on an

interim basis pursuant to sections 1519(a)(3) and 105(a) of the Bankruptcy Code, and (ii)

granting such other and further relief as the Court deems just and proper, and (b) a final order,

after notice and a hearing (the "**Final Order**"), (i) granting the verified petitions in these chapter

15 cases and recognizing the Foreign Proceeding as a foreign main proceeding pursuant to

section 1517 of the Bankruptcy Code, (ii) permanently enjoining all parties from commencing or

taking any action in the United States to obtain possession of, exercise control over, or assert

claims against the Debtors or their property, and (iii) granting such other and further relief as the

Court deems just and proper.  In support of this Motion, the Foreign Representative refers the

Court to the statements contained in the *Declaration of Ricardo Doebeli in Support of*

*(i) Verified Chapter 15 Petitions, (ii) Foreign Representative's Motion for Provisional and Final*

*Orders Granting Relief in Aid of a Foreign Proceeding, and (iii) Certain Related Relief*

(the "**Doebeli Declaration**"), which was filed concurrently herewith and is incorporated herein

1

by reference.  In further support of the relief requested herein, the Foreign Representative

respectfully represents as follows:

## Jurisdiction and Venue

1.    The Court has jurisdiction to consider this Motion pursuant to sections 157

and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference

from the United States District Court for the Southern District of New York dated as of

January 31, 2012.  These cases have been properly commenced pursuant to section 1504 of the

Bankruptcy Code by the filing of verified petitions for recognition (the "**Petitions for**

**Recognition**") of the Foreign Proceeding pursuant to section 1515 of the Bankruptcy Code.  This

is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.

Venue is proper in this District pursuant to section 1410 of title 28 of the United States Code.

The statutory predicates for the relief requested herein are sections 362, 1504, 1507, 1509, 1517,

1519, 1520, 1521, and 105 of the Bankruptcy Code.

## Background

2.    Lupatech S.A. is the direct or indirect parent company of each of the other

Debtors and all of their non-Debtor affiliates.  Collectively, these companies form the Lupatech

Group, a provider of highly technical components and related specialized services to the oil and

gas industries.

3.    On the date hereof (the "**Petition Date**"), the Foreign Representative

commenced these chapter 15 cases by filing, among other things, the verified Petitions for

Recognition, seeking recognition of the Foreign Proceeding as a foreign main proceeding under

chapter 15 of the Bankruptcy Code.

4.      Detailed information about the Debtors' business and operations, the events leading to the Petition Date, and the facts and circumstances surrounding the Foreign Proceeding and these cases is set forth in the Doebeli Declaration.

## Relief Requested

5.      By this Motion, the Foreign Representative seeks entry of (a) a provisional order (i) granting an interim stay of execution against the Debtors' assets in the United States and applying section 362 of the Bankruptcy Code in these chapter 15 cases on an interim basis pursuant to sections 1519(a)(3) and 105(a) of the Bankruptcy Code and (ii) granting such other and further relief as the Court deems just and proper, and (b) a final order, after notice and a hearing, (i) granting the Petitions for Recognition in these cases and recognizing the Foreign Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (ii) permanently enjoining all parties from commencing or taking any action in the United States to obtain possession of, exercise control over, or assert claims against the Debtors or their property, and (iii) granting such other and further relief as the Court deems just and proper.

## Basis for Relief

**A. Sections 1519, 1521, and 105 of the Bankruptcy Code Authorize the Requested Provisional Relief**

6.      Section 1519 of the Bankruptcy Code authorizes the Court to grant the Foreign Representative certain enumerated relief pending the Court's entry of the Final Order:

> From the time of filing a petition for recognition until the court rules on the petition, the court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of the creditors, grant relief of a provisional nature, including —
> (1)  staying execution against the debtor's assets; [and]
> …
> (3)  any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

11 U.S.C. § 1519(a).

7.       Section 1519(a)(3) of the Bankruptcy Code authorizes the Court to grant provisionally to the Foreign Representative any relief referenced in section 1521(a)(7) of the Bankruptcy Code.  As described in detail below, section 1521(a)(7) permits a court to grant any relief, with certain limited and inapplicable exceptions, that would be available to a trustee in bankruptcy, and therefore authorizes the Court to apply sections 362 and 105(a) of the Bankruptcy Code, which are urgently needed to protect the Debtors pending entry of the Final Order, on a provisional basis in these chapter 15 cases.

### 1.       The Requested Provisional Relief is Justified

8.       Provisional relief pursuant to section 1519 requires satisfaction of the standard for injunctive relief.  11 U.S.C. § 1519(e); *In re Innua Can. Ltd.,* No. 09-16362 (DHS), 2009 WL 1025088, at *3 (Bankr. D.N.J. Mar. 25, 2009).  In the Second Circuit, that standard requires a movant to establish:  "(1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party."  *See Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989); *see also Metro. Taxicab Bd. of Trade v. City of N.Y.*, 615 F.3d 152, 156 (2d Cir. 2010).

9.       In chapter 15 cases, there is no anticipated trial relating to any facts in the case, and courts in the Second Circuit determining whether to grant relief pursuant to section 1519(e) of the Bankruptcy Code therefore have held that a showing of irreparable harm and/or a balance of hardships favoring injunctive relief is sufficient to support the imposition of a preliminary stay for the benefit of a chapter 15 debtor.  *See, e.g., In re Petition of Lloyd*, No.05-60100 (BRL), 2005 WL 3764946, at *2 (Bankr. S.D.N.Y. Dec.7, 2005); *In re Main Knitting, Inc.*, No. 08-11272 (Bankr. N.D.N.Y. Apr. 25, 2008).  For the reasons set forth below, the

Foreign Representative submits that this standard is satisfied in these chapter 15 cases with respect to the requested provisional relief, and that the relief is therefore justified.

> **a.  The Debtors Will Suffer Irreparable Harm Without the Immediate Imposition of a Stay and the Protections of Section 362 of the Bankruptcy Code**

10.     The automatic stay embodied in section 362 is one of the most fundamental protections provided by the Bankruptcy Code.  It halts all collection efforts, harassment, and foreclosure actions against debtors and provides them with necessary breathing room from the financial pressures that caused their bankruptcy filing.  If this protection were unavailable, the Debtors could face immediate and irreparable harm as a result of collection and enforcement efforts, by individual holders of Lupatech Finance's 9.875% Guaranteed Perpetual Bonds dated as of July 10, 2007 (as amended, modified, or supplemented from time to time, the "**Unsecured Bonds**") seeking to undermine the efforts of the Foreign Court.

11.     Harm to an estate exists when an orderly determination of claims and a fair process for the distribution of assets are disrupted.  *See V*ictrix *S.S. Co., S.A. v. Salen Thy Cargo A.B.*, 825 F.2d 709, 714 (3d Cir. 1987).  Irreparable harm also exists where litigation leading to potential collection activities would threaten the assets of a foreign estate, subject a foreign representative to a default judgment, or divert funds needed to maximize value for the creditors of an estate.  *In re Gercke*, 122 B.R. 621, 626 (Bankr. D.D.C. 1991).

12.     In these cases, the Debtors have many creditors in the United States as a result of their issuance of the Unsecured Bonds.  The Debtors have a legitimate fear that the commencement of these cases may serve as a catalyst for certain beneficial holders of the Unsecured Bonds (the "**Bondholders**") may commence lawsuits or other enforcement actions against them in United States courts pursuant to the terms of that certain Indenture, dated as of

July 10, 2007, relating to the Unsecured Bonds, (as amended, modified, or supplemented from time to time, the "**Indenture**"), in an effort to circumvent the Foreign Proceeding and orders of the Foreign Court.  Any such action potentially could have devastating consequences to the Debtors' restructuring process.

13.    For example, under Section 7.2 of the Proposed Plan, the Proposed Plan will "be considered immediately in default and the debt will be considered immediately due and payable if" the Trustee, at the direction of the Bondholders, notifies Lupatech S.A. that a request for bankruptcy proceedings (other than those contemplated by the Proposed Plan) has been filed against any Lupatech group company, and is not dismissed within 45 days from the date of the summons in such case.  As a result, an involuntary filing against any of the Debtors or their affiliates in the United States could result in the collapse of the Proposed Plan and failure of the Foreign Proceeding.  In any case, any such filing would cause significant disruption to the Debtors and their management at this stage of their restructuring process.  Preventing any such filing or any other enforcement action that could disrupt the Foreign Proceeding or threaten the Debtors' foreign estates is necessary to ensure the success of the Foreign Proceeding, which the Debtors anticipate will result in their successful reorganization and a fair distribution to the Bondholders and other creditors, pursuant to orders of the Foreign Court.  Therefore, any litigation or other enforcement actions against the Debtors commenced in the United States in respect of the Unsecured Bonds or the Indenture during this critical time in their restructuring efforts would lead to irreparable harm.

14.    The Court has extended and applied the automatic stay to chapter 15 debtors on a provisional basis, in other cases, where the relief was necessary to prevent irreparable harm.  *See e.g. Fletcher Leisure Groupe LTD*., No. 13-13420 (BRL) (Bankr.

S.D.N.Y. 2013); *Syncapse Corp.*, No. 13-12410 (SMB) (Bankr. S.D.N.Y. 2013); *In re Korea*

*Line Corp.*, No. 11-10789 (REG) (Bankr. S.D.N.Y. 2011); *In re Daewoo Logistics Corp.*, No.

09-15558 (BRL) (Bankr. S.D.N.Y. 2009); *In re Samsun Logix Corp.*, No. 09-11109 (SMB)

(Bankr. S.D.N.Y. 2009); *In re Armada (Singapore) PTE. LTD.*, No. 09-10105 (JMP) (Bankr.

S.D.N.Y. 2009), *In re Britannia Bulk Plc*, No. 08-14543 (REG) (Bankr. S.D.N.Y. 2008).

### b.   The Balance of Hardships Tips in Favor of the Debtors

15.     The Debtors' creditors will not suffer any significant harm by the

requested provisional relief, which will merely preserve the status quo and enable the Debtors to

continue to work toward a successful restructuring in the Foreign Proceeding during the short

time necessary for the Court to rule on the Petitions for Recognition.   In fact, the Foreign

Representative believes that granting the request for provisional relief will benefit the Debtors'

creditors because it will ensure the value of the Debtors' assets are preserved and maximized for

the benefit of all creditors, and will allow the Foreign Representative and the Debtors' key

management personnel to focus on their restructuring efforts.  In addition, to the extent that any

individual creditor believes that it will suffer harm as a result of the provisional relief requested

by the Foreign Representative, the proposed form of Provisional Order provides a mechanism for

that creditor to seek relief from the stay from the Court for cause on an expedited basis.

16.     The Foreign Representative therefore submits that there will be little, if

any, harm to creditors if the Foreign Representative's request for provisional relief is granted;

rather, harm may come to the Debtors' creditors if the provisional relief is not granted.

### 2.     The Public Interest Favors Granting the Provisional Relief

17.     The requested provisional relief is consistent with the policy underlying

the Bankruptcy Code and is in the public interest because it will facilitate the Debtors' efforts to

complete an organized and court-supervised reorganization process.  *See Rehabworks, Inc. v. Lee*

*(In re Integrated Health Servs., Inc.),* 281 B.R. 231, 239 (Bankr. D. Del. 2002) ("In the context of a bankruptcy case, promoting a successful reorganization is one of the most important public interests."); *In re Lazarus Burman Assocs.*, 161 B.R. 891, 901 (Bankr. E.D.N.Y. 1993) ("The public interest, in the context of a bankruptcy proceeding, is in promoting a successful reorganization."); s*ee also In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 284 (Bankr. S.D.N.Y. 2007) ("The public interest requires bankruptcy courts to consider the good of the case as a whole."); *Am. Film Techs, Inc. v. Taritero (In re Am. Film Techs., Inc.)*, 175 B.R. 847, 849 (Bankr. D. Del. 1994) ("It is 'one of the paramount interests' of this court to assist the Debtor in its reorganization efforts.") (quoting *Gathering Rest., Inc. v. First Nat'l Bank of Valparaiso (In re Gathering Rest., Inc.),* 79 B.R. 992, 1001 (Bankr. N.D. Ind. 1986)).

18.     In addition, granting the provisional relief is in the public interest because it promotes cooperation between jurisdictions in a cross-border insolvency case, which is an express purpose of chapter 15 of the Bankruptcy Code.  11 U.S.C. § 1501(a).

**B.  The Foreign Proceeding is Entitled to Recognition as a Foreign Main Proceeding**

### 1.     The Court Has Jurisdiction to Recognize the Foreign Proceeding and Grant the Relief Requested

19.     The Court has jurisdiction to hear and determine cases commenced under the Bankruptcy Code and all core proceedings arising thereunder pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code, as well as the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012.  A case under chapter 15 is a "case" under the Bankruptcy Code. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code have expressly been designated as core proceedings pursuant to 28 U.S.C. § 157(b)(2)(P).

20.    Furthermore, venue is proper in this District.  Lead Debtor Lupatech S.A., the parent company of each of the other Debtors, has no employees, operations, or real property in the United States.  Other than the Bondholders, it also has no known creditors in the United States.  As described in the Doebeli Declaration, with one exception each Debtors' only asset in the United States is an interest in cash paid by each Debtor to Shearman & Sterling LLP as a retainer for its services in connection with these cases, which is held in a client trust account in New York, New York.[2]  None of the Debtors are party to any pending litigation in the United States.

21.    The Debtors' only shared connection to the United States is that, collectively, they issued and guaranteed the Unsecured Bonds pursuant to the Indenture, a New York law governed contract.  Many of the Bondholders are sophisticated financial institutions with offices in New York, New York.  The Bank of New York Mellon, as Indenture Trustee (the "**Trustee**") is a major financial institution with headquarters in New York, New York.  Because of the proximity of its United States creditors and United States counsel to the Court, the existence of the New York law governed Indenture, the limited scope of these cases, and the fact that the Debtors are not party to any litigation in any United States jurisdiction, the Foreign Representative believes that the interests of justice will be served by establishing venue in this District.  Accordingly, it is respectfully submitted that, in addition to a basis for venue established by the Debtors' principal assets in this District, venue in this District is consistent with the interests of justice and the convenience of the parties and is proper pursuant to 28 U.S.C. §§ 1410(1) and (3).

---

[2]    Debtor Lupatech – Equipamentos e Serviços para Petróleo Ltda also owns 100% of the equity interests of Jefferson Solenoid Valves U.S.A., Inc., a non-debtor Florida corporation.  No creditors (in their capacity as such) or employees of Jefferson Solenoid Valves U.S.A., Inc. are affected by the Foreign Representative's requested relief in these chapter 15 cases.

    **2.**      **These Cases Are Proper Under Chapter 15**

        22.      Chapter 15 of the Bankruptcy Code applies where a foreign representative

seeks the assistance of a United States bankruptcy court in connection with a foreign proceeding.

11 U.S.C. § 1501(b)(1).  The Debtors' cases are proper under chapter 15 because (a) they

concern a "foreign proceeding," (b) they are commenced by the Foreign Representative, a duly

authorized "foreign representative," (c) the Petitions for Recognition and all required supporting

documentation were properly filed, and (d) the relief sought by the Petitions for Recognition is

consistent with the objectives of chapter 15.

        **a.**  **The Foreign Proceeding is a "Foreign Proceeding" Under the Bankruptcy Code**

        23.      Section 101(23) of the Bankruptcy Code defines a "foreign proceeding"
as:

> a collective judicial or administrative proceeding in a foreign country,
> including an interim proceeding, under a law relating to insolvency or
> adjustment of debt in which proceeding the assets and affairs of the debtor
> are subject to control or supervision by a foreign court, for the purpose of
> reorganization or liquidation.

11 U.S.C. § 101(23).

        24.      The Foreign Proceeding fits squarely within the Bankruptcy Code's

definition of a "foreign proceeding" as it involves an insolvency action brought under the laws of

Brazil.  Brazilian insolvency laws provide for controlled, court-supervised, and collective

reorganization and capital restructuring procedures designed to enable financially distressed

companies to avoid foreclosure or seizure of assets while maximizing going concern value for

the benefit of all of their creditors and other parties in interest.  *See, e.g., Centrais Elétricas Do

Pará S.A.,* No. 12-14568 (SCC) (Bankr. S.D.N.Y. Nov. 9, 2012)*; In re Independência S.A.*,

No. 09-10903 (Bankr. S.D.N.Y. Mar. 26, 2009) (recognizing, as a foreign main proceeding, a

case filed pursuant to the in-court reorganization section of the Brazilian insolvency law); *In re*

*Varig Logística S.A.*, No. 09-15717 (Bankr. S.D. Fla. May 11, 2009) (same); *In re ITSA*

*Intercontinental Telecomunicações Ltda.*, No. 08-13927 (Bankr. S.D.N.Y. Jan. 29, 2009)

(recognition of a Brazilian extrajudicial proceeding that confirmed a pre-negotiated plan of

reorganization); *In re Enco Zolcsak Equipamentos Industriais Ltda.*, No. 11-22924 (Bankr. S.D.

Fla. July 12, 2011); *In re Transbrasil S.A. Linhas Aéreas*, No. 11-19484 (Bankr. S.D. Fla.

May 11, 2011); *In re Banco Santos, S.A.*, No. 10-47543 (Bankr. S.D. Fla. Jan. 13, 2011); *In re*

*Fazendas Reunidas Boi Gordo, S.A.*, No. 09-37116 (Bankr. S.D. Fla. Jan. 11, 2010).  Pursuant to

the Brazilian Business Recovery Law, the Debtors have obtained from the Foreign Court an

Interlocutory Order, dated February 25, 2014, authorizing the commencement of the Brazilian

Proceeding, a certified copy of which is attached to the Doebeli Declaration as Exhibit A.  On

March 18, 2014, the Foreign Court entered an order for the publication of a public notice

informing affected creditors of the filing of the Foreign Proceeding, a copy of which is attached

to the Doebeli Declaration as Exhibit B.

### b.    Ricardo Doebeli Is a Proper "Foreign Representative"

25.    Section 101(24) of the Bankruptcy Code provides that:

> The term "foreign representative" means a person or body, including a
> person or body appointed on an interim basis, authorized in a foreign
> proceeding to administer the reorganization or the liquidation of the
> debtor's assets or affairs or to act as a representative of such foreign
> proceeding.

11 U.S.C. § 101(24).

26.    Mr. Doebeli is an individual person.  During April and May, 2014, each of

the Debtors' board of representatives or equity holders duly adopted resolutions (collectively, the

"**Foreign Representative Resolutions**") appointing Ricardo Doebeli, an individual person, to

serve as the Debtors' foreign representative in these chapter 15 cases.  Certified copies of the

Foreign Representative Resolutions are attached to the Doebeli Declaration as Exhibits C, D, and

E.  Certified translations of Foreign Representative Resolutions that were adopted exclusively in

Portuguese area attached to Exhibit F of the Doebeli Declaration.

27.    Accordingly, Ricardo Doebeli is a "foreign representative" as defined in

the Bankruptcy Code.

### c.  The Foreign Representative Properly Filed these Cases

28.    These cases were duly and properly commenced as required by

sections 1504 and 1509(a) of the Bankruptcy Code by the filing of the Petitions for Recognition

pursuant to section 1515(a) of the Bankruptcy Code, which were accompanied by all documents

and information required by sections 1515(b) and (c).  *See In re Bear Stearns High-Grade*

*Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 127 (Bankr. S.D.N.Y. 2007) ("A

case under chapter 15 is commenced by a foreign representative filing a petition for recognition

of a foreign proceeding under section 1515 of the Bankruptcy Code"), *aff'd*, 389 B.R. 325

(S.D.N.Y. 2008).  Because the Foreign Representative has satisfied the requirements set forth in

section 1515 of the Bankruptcy Code, these cases have been properly commenced.

### d.  The Petitions for Recognition are Consistent with the Purpose of Chapter 15

29.    One of the stated objectives of chapter 15 is the "fair and efficient

administration of cross-border insolvencies that protects the interests of all creditors, and other

interested entities, including the debtor." 11 U.S.C. § 1501(a)(3).  These cases have been

commenced for the purpose of obtaining the assistance of the Court to ensure the effective and

economic administration and implementation of the Foreign Proceeding by, among other things,

restricting the Debtors' creditors from taking certain actions in the United States that would

undermine the unified, collective, and equitable resolution of the Debtors' liabilities in the

Foreign Proceeding.  As such, the Petitions for Recognition are consistent with the purpose of chapter 15 and the cross-border coordination it promotes.

> **3.     The Foreign Proceeding is a "Foreign Main Proceeding" Under Sections 1502(4) and 1517(b)(1) of the Bankruptcy Code**

30.     The Foreign Representative respectfully submits that the Court should grant recognition of the Foreign Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.  The Bankruptcy Code provides that a foreign proceeding is a "foreign main proceeding" if it is pending in the country where the debtor has the center of its main interests.  11 U.S.C. § 1517(b)(1).  Absent evidence to the contrary, a debtor's registered office is presumed to be the center of its main interests.  11 U.S.C. § 1516(c).  *See In re Bear Stearns*, 374 B.R. at 127, 130.

31.     Debtor Lupatech Finance Limited is organized under the laws of, and maintains its registered office in, the Cayman Islands.  However, as set forth in the Doebeli Declaration, Lupatech Finance Limited maintains no other connection with the Cayman Islands, and all of its management activities have been consolidated with those of Lupatech S.A., in Brazil.  Each of the other Debtors maintain their registered offices in Brazil.

32.     As described below, substantially all of the Debtors' corporate business is conducted from Brazil.  As such, Brazil is "ascertainable by third parties" as the Debtors' center of main interests.  *Id*. at 129.  While the location of the Debtors' registered offices is indicative, many other factors also weigh into the center of main interests analysis, including "the location of the debtor's headquarters; the location of those who actually manage the debtors (which, conceivably could be the headquarters of a holding company); the location of the debtor's primary assets; the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case; and/or the jurisdiction whose law would apply to

most disputes." Id. at 128 (citing *In re SPhinX, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006),

*aff'd*, 371 B.R. 10 (S.D.N.Y. 2007)).

33.    The center of main interests for each of the Debtors' enterprises are

located in Brazil.  The Debtors are operationally and functionally centered in the states of São

Paulo, Rio de Janeiro, and Rio Grande do Sul, Brazil, largely organized under centralized senior

management in the state of São Paulo, Brazil, and subject to combined cash management and

accounting functions, all of which are based in the state of São Paulo, Brazil.  Indeed, among

other connections to their center of main interests:

    (a)   all of the Debtors' operations are managed and directed from offices in the states of São Paulo, Rio de Janeiro, or Rio Grande do Sul, Brazil;

    (b)   corporate governance for the Debtors is directed from the state of São Paulo, Brazil;

    (c)   in-person meetings of the Debtors' Board of Directors are typically held in the states of São Paulo, Rio de Janeiro, or Rio Grande do Sul, Brazil;

    (d)   a majority of the members of the Debtors' Board of Directors maintain their offices in the states of São Paulo, Rio de Janeiro, and Rio Grande do Sul, Brazil;

    (e)   strategic and key operating decisions and key policy decisions for the Debtors are made by staff located in the states of São Paulo, Rio de Janeiro, and Rio Grande do Sul, Brazil;

    (f)   the Debtors' corporate accounting, accounts payable, insurance procurement, accounts receivable, financial planning, internal auditing, marketing, treasury, real estate, research & development, and tax services are provided from the state of São Paulo, Brazil;

    (g)   the Debtors' finance, legal, human resources, payroll, billing, freight management, procurement, and engineering services are carried out in the state of São Paulo, Brazil;

    (h)   the Debtors' cash management functions are maintained and directed from the state of São Paulo, Brazil;

    (i)   key information technology and systems used by the Debtors are provided from the state of São Paulo, Brazil;

(j)  management and senior staff of the Debtors regularly attend meetings in the states of São Paulo, Rio de Janeiro, and Rio Grande do Sul, Brazil;

(k)  the chief executive officer that oversees financial management of the Debtors is based in the state of São Paulo, Brazil;

(l)  all capital expenditure decisions affecting the Debtors are managed in the state of São Paulo, Brazil; and

(m)  the vast majority of the Debtors' creditors, both in number and amount, other than certain Bondholders, are located in Brazil.

34.    Thus, based on the facts present in these cases, the Foreign Representative respectfully submits that Brazil should be found to be the center of the Debtors' main interests. *See In re Tri-Continental Exch. Ltd.*, 349 B.R. 627, 634 (Bankr. E.D. Cal. 2006) (noting that a debtor's center of main interests is the "place where the debtor conducts the administration of his interests on a regular basis and is therefore ascertainable by third parties"); *see also In re Fairfield Sentry Ltd.*, 440 B.R. 60, 63 (Bankr. S.D.N.Y. 2010), aff'd, 914 F.3d (2d Cir. 2013). Accordingly, given that the Foreign Proceeding is pending in the Debtors' center of main interests, it should be recognized as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

35.    An order recognizing a foreign proceeding shall be entered if all of the requirements for recognition have been met.  11 U.S.C. § 1517.  As set forth above, the Foreign Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code, the Foreign Representative qualifies as a "foreign representative" under the Bankruptcy Code, and the Petitions for Recognition meet the requirements of Bankruptcy Code section 1515.  Accordingly, based on the submissions contained herein and in the Doebeli Declaration, pursuant to section 1517(a) of the Bankruptcy Code, the Foreign Representative respectfully submits that he is entitled to entry of an order granting recognition of the Foreign Proceeding as a foreign main proceeding.

**C. Recognizing the Foreign Proceeding as a Foreign Main Proceeding and Granting the Other Relief Requested Herein is Consistent with the Purpose of Chapter 15 and United States Public Policy**

36.     Section 1506 of the Bankruptcy Code provides that nothing in chapter 15 shall prevent the Court from refusing to take an action otherwise required therein if such action would be manifestly contrary to the public policy of the United States.  11 U.S.C. § 1506.  The Foreign Representative submits that the relief requested herein is not manifestly contrary to, and is consistent with, the public policy of the United States.

37.     It is well established that one of the fundamental goals of the Bankruptcy Code is the centralization of disputes involving the debtor.  *See, e.g., In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 989 (2d Cir. 1990) ("The Bankruptcy Code 'provides for centralized jurisdiction and administration of the debtor, its estate and its reorganization in the Bankruptcy Court . . . .'") (internal citations omitted).  Indeed, as one court has noted, "the firm policy of American courts is the staying of actions against a corporation which is the subject of a bankruptcy proceeding in another jurisdiction."  *Cornfeld v. Investors Overseas Servs., Ltd.*, 471 F. Supp. 1255, 1259 (S.D.N.Y. 1979) (recognizing that a Canadian liquidation proceeding would not violate laws or public policy of New York or the United States).

38.     The Foreign Proceeding is similar to cases under chapter 11 of the Bankruptcy Code because it provides for a centralized process to assert and resolve claims against an estate and to provide distributions to creditors in order of priority.  Recognizing the Foreign Proceeding and enjoining certain actions or proceedings with respect to the Debtors and their assets will assist the orderly administration of the Debtors' assets in the foreign proceeding.  Such orderly administration is consistent with the public policy of the United States, as embodied in the Bankruptcy Code.  Absent the relief requested, there is a possibility that certain United States based Bondholders or the Trustee could attempt to circumvent the Foreign

Proceeding by commencing actions against the Debtors in the United States, notwithstanding any stay order issued by the Foreign Court. Avoiding such potential outcomes through the imposition of a temporary stay and, ultimately, the recognition of the Foreign Proceeding is consistent with United States public policy and promotes the public policies embodied in the Bankruptcy Code.

39.    Further, recognition of the Foreign Proceeding is consistent with the purpose of chapter 15 and the UNCITRAL Model Law on Cross-Border Insolvency. Section 1501(a) of the Bankruptcy Code provides, in pertinent part, that:

> The purpose of this chapter is to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency with the objectives of -
>
> (1)    cooperation between -
>
> * * *
>
> > (A)    the courts and other competent authorities of foreign countries involved in cross-border insolvency cases;
>
> * * *
>
> (2)    fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor; [and]
>
> (3)    protection and maximization of the value of the debtor's assets.

11 U.S.C. § 1501.

40.    The relief requested by the Foreign Representative is consistent with the objectives of chapter 15. First, recognition of the Foreign Proceeding would foster cooperation between courts in Brazil and the United States with respect to the Debtors' restructuring proceeding. By granting recognition to the Foreign Proceeding, the Court can effectively assist the Foreign Court in the orderly administration of the Debtors' assets. The Debtors' creditors would be enjoined from commencing or continuing actions against the Debtors or their assets in the United States, thereby facilitating the uniform resolution of claims against the Debtors.

41.     Second, recognition of the Foreign Proceeding would promote the fair and efficient administration of a cross-border reorganization procedure that protects the interests of all creditors and interested entities.  By recognizing the Foreign Proceeding and granting the relief requested, the process of resolving claims against the Debtors would be centralized in their center of main interests.  Claims would be treated in accordance with Brazilian law, which is similar in relevant respects to United States law, and any disputes would be subject to the jurisdiction of the appropriate tribunal, the Foreign Court.  If creditors' actions with respect to the Debtors in the United States are not effectively stayed, the uniform and orderly voluntary administration of the Debtors' assets in the Foreign Proceeding will be jeopardized.  Accordingly, the relief requested would further the objectives of chapter 15 by assisting the orderly voluntary administration of the Debtors in the Foreign Proceeding.

**<u>Notice</u>**

42.     Notice of this Motion has been provided to:  (a) all persons or bodies authorized to administer foreign proceedings of the Debtors; (b) counsel to The Bank of New York Mellon as Trustee under the Unsecured Bonds; (c) counsel to the *ad hoc* committee of holders of Unsecured Bonds; (d) Cede & Co. as custodian for the Depository Trust Company on behalf of the beneficial holders of the Unsecured Bonds; (e) all brokers, nominees, noticing agents, and Depository Trust Company participants acting on behalf of the Bondholders, who will be individually responsible for providing such notice to the Bondholders in accordance with their internal procedures and contractual obligations; (f) the Securities and Exchange Commission; (g) the Internal Revenue Service; and (h) the Office of the United States Trustee for the Southern District of New York.  The Foreign Representative requests that the Court grant the provisional relief requested in this Motion without further notice to creditors.  The Foreign

Representative proposes to notify creditors and parties in interest of the filing of the chapter 15

petitions and the Foreign Representative's request for entry of the proposed Final Order in the

form and manner set forth in the *Foreign Representative's Motion for Order Scheduling Hearing

and Specifying the Form and Manner of Service of Notice*, which was filed contemporaneously

herewith.  In light of the nature of the relief requested herein, the Foreign Representative submits

that no other or further notice of this Motion is necessary or required.

### **No Prior Request**

43.     No previous request for the relief requested herein has been made to this
or any other court.

## **Conclusion**

WHEREFORE, the Foreign Representative respectfully requests that the Court:

(a) enter the Provisional Order, substantially in the form attached hereto as <u>Exhibit A</u>, (b) enter

the Final Order, upon notice and a hearing, substantially in the form attached hereto as <u>Exhibit B</u>,

and (c) grant such other and further relief as may be just and proper.

Dated:   New York, New York          Respectfully submitted,
         May 22, 2014

                                     <u>/s/ Douglas P. Bartner</u>
                                     SHEARMAN & STERLING LLP
                                     Douglas P. Bartner
                                     Robert A. Britton
                                     599 Lexington Avenue
                                     New York, New York 10022
                                     Telephone:  (212) 848-4000
                                     Facsimile:  (646) 848-8174

                                     *Attorneys for the Foreign Representative*